IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDALL & TRESSA VALENTINE** § | | **PLAINTIFFS** |
| § | | |
| V. § | | **Civil No. 1:10CV337HSO-JMR** |
| § | | |
| **R.C.S. ENTERPRISES ENG DESIGN,** § | | **DEFENDANT** |
| **L.P., ET AL.** § | | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [27-1] of Plaintiffs Russell and Teresa Valentine filed on September 2, 2010.  Defendant R.C.S. Enterprises Eng Designs, L.P. ["R.S.C."] has filed a Response [29-1], to which Defendant Palm Harbor Homes, Inc. ["Palm Harbor"] has filed a Joinder [30-1, 31-1].  Plaintiffs filed a Reply on September 16, 2010 [32-1].  After consideration of the Motion, Response, Reply, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion should be denied.

I. BACKGROUND

Plaintiffs initiated this lawsuit by filing their Complaint in the Circuit Court of Jackson County, Mississippi, on June 28, 2010, asserting claims for breach of warranty, breach of contract, negligence, and gross negligence.  *See* Compl., at pp. 4-6.  Plaintiffs named R.C.S., a Texas limited partnership, and Palm Harbor, a Florida corporation, as Defendants.  *See id.*  In addition, Plaintiffs named John Doe Defendants as "any and all contractors or sub-contractors that oversaw the construction of this home."  *See id.* at ¶¶ 2-3.  The Complaint identified Plaintiffs as

-1-

being "currently adult resident citizens of Sumter County, Georgia." *See id.* at ¶1. From the face of Plaintiffs' Complaint, there was complete diversity of citizenship.

R.C.S. removed the case to this Court on July 27, 2010, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 2-3. On July 28, 2010, Palm Harbor joined in the removal. *See* Joinder in Removal [4-1], at p. 1. R.C.S. filed its Answer on August 2, 2010 [10-1], and Palm Harbor filed its Answer on August 11, 2010 [13-1].

Plaintiffs subsequently filed an Amended Complaint on August 20, 2010 [17-1], adding Parnell Construction Company of Jackson County, Mississippi, as a Defendant. In addition, the Amended Complaint purports to change Plaintiffs' citizenship, referring to Plaintiffs as "adult resident citizens of Jackson County, Mississippi." *See* Am. Compl. at ¶1. The apparent effect of this change would be that complete diversity of citizenship no longer exists.

On August 24, 2010, R.C.S. filed a Motion to Strike Amended Complaint [19-1]. Palm Harbor joined in this Motion on August 25, 2010 [21-1]. Plaintiffs then filed their present Motion to Remand [27-1] on September 2, 2010.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441. After a case is removed to federal court, section 1447(c) affords two grounds for remand: (1) a defect in removal procedure; or (2) a lack of subject matter

jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal, R.C.S. here, bears the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  <u>Existence of Diversity Jurisdiction</u>

There is no dispute that the amount in controversy here exceeds $75,000.00. Plaintiffs contend that diversity jurisdiction is lacking because this action is not between citizens of different states, as required by 28 U.S.C. § 1332. The original Complaint, the operative pleading at the time of removal, clearly identified Plaintiffs as adult resident citizens of Sumter County, Georgia, and listed R.C.S. as a Texas partnership, and Palm Harbor as a Florida corporation. *See* Compl. ¶¶ 1 and 2 att. as Ex. 2 to Notice of Removal. The Amended Complaint, filed after this case was removed, purports to identify Plaintiffs as residents of Jackson County, Mississippi, and lists R.C.S. as a Texas partnership, Palm Harbor as a Florida

corporation, and Parnell Construction as a Mississippi corporation.  *See* Am. Compl. ¶¶ 1-4.

Plaintiffs seek remand of this cause on the grounds that "the parties lack the diversity alleged by Defendants in its notice of removal." *See* Mot. to Remand at p. 2.  At the time of removal, R.C.S., the Removing Defendant, asserted that complete diversity of citizenship existed.  *See* Notice of Removal, ¶¶ 7-12 at pp. 2-3.  28 U.S.C. § 1332 states in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between–
> (1) citizens of different states;

28 U.S.C. § 1332(a).

A defendant may remove a case to federal court if both requirements for diversity jurisdiction have been met.  *See* 28 U.S.C. § 1441(a).  The Fifth Circuit has expressly held that in removal practice, the relevant jurisdictional facts must be judged as of the time the complaint is filed.  *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998); *see Beneficial Nat. Bank, USA v. Payton,* 214 F. Supp. 2d 679, 682 (S.D. Miss. 2001).  In the present case, the pleadings establish that, at the time the Complaint was filed, although Plaintiffs owned a home in Mississippi (and have retained that home), and were in the process of having this home repaired following damage from Hurricane Katrina, they identified themselves as adult resident citizens of Georgia.

Although Plaintiffs now argue that they are actually citizens of Mississippi for

diversity purposes, there is evidence in the record that Plaintiffs are not registered to vote in Mississippi, they do not hold Mississippi driver's licenses, and they do not reside at their home in Mississippi. Rather, they reside at a home in Americus, Georgia. *See* Compl. at ¶ 1.

Even assuming that they could now properly be considered citizens of Mississippi, Plaintiffs' citizenship at the time of the filing of the original Complaint is controlling. The fact that the Amended Complaint now asserts that they are citizens of Mississippi does not change the jurisdictional analysis in terms of whether or not Plaintiffs were diverse from Defendants at the time of removal. Plaintiffs clearly identified themselves as citizens of Georgia in the original Complaint, such that the later addition of a Mississippi Defendant does not operate to destroy diversity.

It is the removing party's burden to establish jurisdiction by a preponderance of the evidence. This requirement includes affirmatively alleging each party's citizenship. *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)(stating that "[t]he removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."). Based upon the present record and the materials submitted, there is little doubt that at the time of removal, complete diversity existed. Based on the totality of the circumstances, the Court finds that Defendant has carried the requisite burden of establishing the existence of federal jurisdiction, specifically that complete diversity existed among the parties at the time of removal.

III.  CONCLUSION

This case was properly removed from the Circuit Court of Jackson County, Mississippi.  Based upon the foregoing, this Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code, and the case will proceed in this Court against the named Defendants.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion to Remand [27-1] filed on September 2, 2010, in the above captioned cause, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE