IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDALL & TRESSA VALENTINE** § | | **PLAINTIFFS** |
| § | | |
| V. § | | **Civil No. 1:10CV337HSO-JMR** |
| § | | |
| **R.C.S. ENTERPRISES ENG DESIGN,** § | | **DEFENDANT** |
| **L.P., ET AL.** § | | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTIONS TO REMAND**

BEFORE THE COURT are two Motions [27-1, 41-1] to Remand, filed by Defendant Parnell Construction Company on February 3, 2001, and by Plaintiffs Russell and Teresa Valentine on February 18, 2011[1], respectively.  Defendant R.C.S. Enterprises Eng Designs, L.P. ["R.C.S."] has filed Responses [40-1, 44-1], and Plaintiffs filed a Reply on March 9, 2011 [50-1].  After consideration of the Motions, Responses, Reply, the pleadings, the record in this case, and the relevant legal authorities, and for the same reasons stated in this Court's previous Memorandum Opinion and Order denying Plaintiffs' Motion to Remand entered in this cause on November 22, 2010 [33-1], the Court finds that both Motions to Remand should be denied.

As this Court has previously determined:

> The original Complaint, the operative pleading at the time of removal, clearly identified Plaintiffs as adult resident citizens of Sumter County, Georgia, and listed R.C.S. as a Texas partnership, and Palm Harbor as a Florida corporation. *See* Compl. ¶¶ 1 and 2 att. as Ex. 2 to Notice of

---

[1] Plaintiffs Russell and Teresa Valentine filed a Joinder in this Motion on March 7, 2011 [49-1].

-1-

> Removal. The Amended Complaint, filed after this case was removed, purports to identify Plaintiffs as residents of Jackson County, Mississippi, and lists R.C.S. as a Texas partnership, Palm Harbor as a Florida corporation, and Parnell Construction as a Mississippi corporation. *See* Am. Compl. ¶¶ 1-4.

Order on Mot. to Remand, at pp. 3-4.

> There is little doubt that *at the time of removal*, complete diversity existed. Based on the totality of the circumstances, the Court finds that Defendant has carried the requisite burden of establishing the existence of federal jurisdiction, specifically that complete diversity existed among the parties *at the time of removal*.

*Id.* at pp. 4-5 (emphasis added)(citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Beneficial Nat. Bank, USA v. Payton,* 214 F. Supp. 2d 679, 682 (S.D. Miss. 2001)).

Following this determination, the Court denied Defendants' Motion to Strike [37-1] in an Order which reiterated this jurisdictional analysis, specifically that diversity and citizenship of the parties is determined at the time of removal. *Id.* at p. 2.

Once more this Court concludes that this case was properly removed from the Circuit Court of Jackson County, Mississippi, as stated in its previous Orders. Based upon the foregoing, the Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion to Remand [41-1] filed on February 18, 2011, in the above captioned cause, should be and hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Parnell's Motion to Remand [38-1] filed on February 3, 2011, in the above captioned cause,

should be and hereby is **DENIED**.

    **IT IS, FURTHER ORDERED AND ADJUDGED** that, the request for costs and actual expenses, including attorney's fees made by Defendant R.C.S., should be and hereby is **DENIED.**

    **SO ORDERED AND ADJUDGED**, this the 7th day of April, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE